**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
Susan J. Perez (SBN 329044)
sperez@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KEVIN PEARSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMART & FINAL LOGISTICS LLC, a Delaware Limited Liability Company, and DOES 1 through 100,<br><br>Defendants. | Case No.: 2:22-cv-02513-FLA-E<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**<br><br>**(2) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br><br>**(3) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br><br>**(4) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**<br><br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br><br>**(6) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*); AND**<br><br>**(7) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 et seq.).**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Plaintiff Kevin Pearson ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Second Amended Class and Representative Action against Defendants Smart & Final Logistics, LLC, a Delaware Limited Liability Company, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.  Plaintiff, on behalf of himself and all others similarly situated, hereby brings this action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 226 *et seq.*, 510, 512, 516, 558, 1194, 1198 and 2698 *et seq.*, Business and Professions Code § 17200 *et. seq.*, and Industrial Welfare Commission Wage Order 7 ("Wage Order 7"), in addition to seeking declaratory relief and restitution. This class action is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2.  Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Los Angeles. Defendants own, maintain offices, transact business, have an agent or agents within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3.  Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the one year immediately preceding the filing of the Complaint in this action, and within the statute of limitations periods applicable to each cause of action pled herein,

Plaintiff was employed by Defendants as a non-exempt employee in California. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 201-204, 226 *et seq.*, 510, 512, 516, 558, 1194, 1198 and 2698 *et seq.*, Business and Professions Code § 17200 *et. seq.*, and Industrial Welfare Commission Wage Order 7 ("Wage Order 7"), which sets employment standards for the mercantile industry, that includes any industry, business, or establishment operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail.

4.  Plaintiff is informed and believes, and based thereon alleges, that during the one year preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating a chain of food supply warehouses, specifically in the County of Los Angeles, and therefore, were (and are) doing business in the County of Los Angeles and the State of California.

5.  Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 100, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to further amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partner, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Class (as defined herein) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6.  Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and the Class (as defined herein).

///

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and the Class (as defined herein).

## GENERAL FACTUAL ALLEGATIONS

9. Defendants operate a chain of food supply warehouses throughout California. Plaintiff was employed by Defendants as a non-exempt warehouse employee from approximately August 2007 to August 2021. Specifically, Plaintiff was an "Order Selector" in a cold storage facility warehouse owned by Defendant. Plaintiff's job duties consisted primarily of building pallets with inventory from the warehouse that were then shipped to Defendant's retail stores.

10. During Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of 8 hours per workday and/or more than 40 hours per workweek but did not receive overtime compensation equal to one and one-half times his regular rate of pay for working overtime hours. Specifically, Plaintiff and other non-exempt employees earned shift premiums (denoted on paystubs as "Shift Prem"), non-discretionary bonuses (denoted on paystubs as "Bonus"), and incentive pay (denoted on paystubs as "Incentive $"), and other forms of pay that cannot be excluded from the regular rate of pay as a matter of law (hereinafter "Incentive

Pay"). As a result of paying Plaintiff and other non-exempt employees Incentive Pay, Defendants failed to properly calculate the regular rate of pay, resulting in unpaid overtime wages.

11. For a portion of the statutory period, Defendants paid meal and rest period premium payments at Plaintiff's base hourly rate of pay, rather than at Plaintiff's regular rate of pay after factoring in Incentive Pay. As a result, Plaintiff and other non-exempt employees did not receive an additional hour of premium pay at their respective regular rates of pay for each workday in which a meal period and/or rest period violation occurred, as required by Labor Code § 226.7.

12. Further, Defendants failed to authorize and permit Plaintiff and other non-exempt employees to take all legally complaint rest periods to which they were entitled, due to Defendants' unlawful rest period policies/practices that were in effect up until approximately 2019. Specifically, until approximately 2019, Defendants required Plaintiff and other non-exempt employees to remain on Defendants' premises during rest periods and as a result failed to relinquish all control over how Plaintiff and other non-exempt employees spent their break time, in violation of *Augustus v. ABM Security Services, Inc*. (2016) 2 Cal.5th 257, 260 ("[D]uring required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time."). On those occasions where Plaintiff and other non-exempt employees were not authorized to take all legally compliant rest periods to which they were entitled, Defendants failed to pay Plaintiff and other non-exempt employees an additional hour of rest period premium pay, as required by Labor Code § 226.7.

13. Defendants are governed by Labor Code § 226 (a), which requires, among other things, that Defendants' wage statements include all applicable hourly rates during the pay period and the corresponding number of hours worked at each hourly rate, and the total hours worked during the pay period. However, Defendants issued wage statements to Plaintiff and other employees which listed multiple rates

for "FLSA Prem $" without indicating the number of hours worked at each hourly rate. Defendants' wage statements also list an inaccurate figure for the total hours worked in the pay period which double-counts certain hours, and includes certain hours that are not in fact "hours worked" such as hours associated with meal and rest period premiums. Additionally, Defendant issued wage statements that included negative deductions on various pay codes, such as "FLSA OT Prem" and "Break Premium." As a result, Defendants issued facially non-compliant wage statements to Plaintiff and other employees, in violation of Labor Code § 226 (a).

14. As a result of Defendants' failure to pay all overtime wages, minimum wages, and meal and rest period premium wages owed, Defendants also maintained inaccurate payroll records, issued inaccurate wage statements to Plaintiff and other non-exempt employees, and failed to pay all final wages owed to Plaintiff and other non-exempt employees upon their respective separations from employment.

## CLASS ACTION ALLEGATIONS

15. **Class Definitions:** Plaintiff brings this action on behalf of himself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

   a. The <u>Overtime Class</u> consists of all Defendants' current and former non-exempt employees in California who worked more than 8.0 hours per day and/or 40.0 hours per workweek and received Incentive Pay during a corresponding time period, during the four years immediately preceding the filing of this action through the present.

   b. The <u>Meal Period Class</u> consists of all Defendants' current and former non-exempt employees in California who received a meal period premium that was paid at a rate below the employee's regular rate of pay, during the four years immediately preceding the filing of this action through the present.

  c. The <u>Rest Period Class</u> consists of all Defendants' current and former non-exempt employees in California who: (i) worked at least one shift in excess of 3.5 hours prior to Defendants' permitting employees to leave company premises during rest periods; and/or (ii) received a rest period premium that was paid at a rate below the employee's regular rate of pay, during the four years immediately preceding the filing of this action through the present.

  d. The <u>Wage Statement Class</u> consists of all current and former employees who received a wage statement from Defendants during the one year immediately preceding the filing of this Complaint through the present.

  e. The <u>Waiting Time Class</u> consists of all members of the Overtime Class, Meal Period Class, and/or Rest Period Class who separated their employment with Defendants during the three years immediately preceding the filing of this action through the present.

16. **Numerosity/Ascertainability:** The members of the Class are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Class is unknown to Plaintiff at this time; however, it is estimated that the Class numbers greater than one hundred and seventy-five (175) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

17. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

  i. Whether Defendants lawfully paid premium wages for all overtime hours worked to members of the Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194 and 1198;

    ii.    Whether Defendants authorized and permitted all lawful rest periods to members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

    iii.    Whether Defendants correctly paid meal and/or rest period premium payments for non-compliant meal and/or rest periods pursuant to Labor Code § 226.7;

    iv.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and

    v.    Whether Defendants paid all wages/compensation due upon separation to members of the Waiting Time Class pursuant to Labor Code §§ 201-203.

18. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform overtime calculations, meal and rest period premium calculations, rest period policies, and wage statement policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

19. **Typicality:** Plaintiff's claims are typical of the claims of the Class because Plaintiff was employed by Defendants in California during the applicable statute of limitations period. As alleged herein, Plaintiff, like the members of the Class, did not receive all required overtime wages, was not free from employer control during all rest periods, did not receive all meal and rest period premium wages owed, was furnished with non-compliant wage statements, and did not receive all wages earned at the time of his separation.

20. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Class and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage and hour class actions in state and federal courts in the past, and are committed to vigorously prosecuting this action on behalf of the members of the Class.

21. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws, and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with

respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified herein are maintainable under Section 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
## (AGAINST ALL DEFENDANTS)

22. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23. This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

24. At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Overtime Class for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 7. Wage Order 7, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.

25. At all times relevant herein, Defendants caused Plaintiff and other non-exempt employees to work overtime hours but did not compensate Plaintiff or members of the Overtime Class at one and one-half times their regular rate of pay for such hours.

26. The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the Overtime Class in a civil action for the

unpaid amount of overtime premiums owing, including interest thereon, statutory and civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 510, 558, 1194, and 1198, Wage Order 7, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

27. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 7, § 11, for the reasons set forth in the factual allegations and class definitions sections of this Complaint. Despite Defendants' violations, Defendants did not pay an additional hour of premium pay to Plaintiff and members of the Meal Period Class at their respective regular rates of pay, in accordance with California Labor Code §§ 226.7 and 512.

29. As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, civil penalties, and costs of suit, pursuant to Labor Code §§ 226.7, 512, and 558, Wage Order 7, and Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

///

31. Wage Order 7, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

32. As alleged herein, and due to Defendants' unlawful rest period policies and/or practices, Defendants did not authorize and permit members of the Rest Period Class to take all lawful rest periods to which they were legally entitled. Despite Defendants' violations, Defendants failed to pay an additional hour of premium pay to Plaintiff and members of the Rest Period Class at their respective regular rates of pay for each violation in accordance with Labor Code § 226.7.

33. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, and 558, Wage Order 7, and Code of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION
## WAGE STATEMENT PENALTIES
## (AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and the Wage Statement Class with wage statements that complied with the requirements of Labor Code § 226(a).

36. Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with compliant wage statements resulted in actual injury, as said failures rendered Plaintiffs unable to unable to readily ascertain the information on their wage statements.

///

37. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et. seq.*, including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et. seq.*

## FIFTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages earned immediately at the time of separation of employment in the event the employer discharges the employee, or if the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of his/her intent to quit, said employee's wages become due and payable no later than 72 hours upon said employee's last date of employment.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at the time of their separation, which includes, among other things, underpaid overtime wages, and meal and rest period premium wages. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to Labor Code §§ 201-203. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

41. Defendants' willful failure to timely pay Plaintiff and members of the Waiting Time Class their earned wages upon separation from employment, results

in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203.

## SIXTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200, *et seq.*, by failing to pay Plaintiff and the Classes all overtime wages owed; failing to authorize and permit all required rest periods or pay premium payments in lieu thereof; failing to pay all required meal period premium wages; failing to provide accurate and compliant wage statements; and failing to pay all final wages at the time of separation from employment.

44. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff, and continues to deprive members of the Classes, of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

45. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff, for himself and on behalf of the members of the Classes, seeks full restitution of monies as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

46. The acts complained of herein occurred within the four years immediately preceding the filing of this action.

47. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

## SEVENTH CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT
## (AGAINST ALL DEFENDANTS)

48. Plaintiff re-alleges and incorporated by reference all previous paragraph.

49. Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other aggrieved employees. Plaintiff, as an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of himself and other aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, the members of the Classes, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 558 and § 2699 (a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (4) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the following Labor Code violations:

a. Failing to pay Plaintiff and other aggrieved employees all overtime compensation earned in violation of Labor Code §§ 204, 510, 558, 1194, and 1198;

b. Failing to provide meal periods as required by law and failing to pay meal period premiums to Plaintiff and other aggrieved employees at these employees' respective regular rates of compensation for meal period violations in violation of Labor Code §§ 226.7, 512, 558, and 1198;

c. Failing to authorize and permit Plaintiff and other aggrieved employees to take all lawful rest periods to which they are entitled, and failing to pay rest period premiums to Plaintiff and other aggrieved employees at these employees' respective regular rates of compensation for rest period violations in violation of Labor Code §§ 226.7, 516, 558, and 1198;

d. Failing to furnish Plaintiff and other aggrieved employees with accurate and compliant itemized wage statements in violation of Labor Code § 226;

e. Failing to timely pay all final wages due to Plaintiff and other aggrieved employees in violation of Labor Code §§ 201-203;

f. Failing to pay Plaintiff and aggrieved employees all wages earned at least twice during each calendar month in violation of Labor Code § 204; and

g. Failing to maintain accurate records on behalf of Plaintiff and aggrieved employees in violation of Labor Code §§ 558 and 1174.

50. On February 2, 2022, Plaintiff notified Defendants via certified mail, and notified the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code §

2698 *et seq.* with respect to the violations of the California Labor Code identified in Paragraph 49 (a)-(g). Now that sixty-five days have passed from Plaintiff notifying Defendants and the LWDA of these violations, and the LWDA has not provided notice that it intends to investigate the violations, Plaintiff has exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

51. Based on the foregoing, Plaintiff seeks to represent himself and all aggrieved employees, as defined by Labor Code § 2699(c), which includes all current and former non-exempt employees who worked for Defendants in California between February 2, 2021 and the present.

52. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to recover under California Labor Code § 2699.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as representative of the Class;
3. For an order appointing counsel for Plaintiff as counsel for the Class;
4. Upon the First Cause of Action, for all statutory damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;
5. Upon the Second Cause of Action, for all statutory damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;
6. Upon the Third Cause of Action, for all statutory damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

7. Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code § 226 *et. seq.*;

8. Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

9. Upon the Sixth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of California Business and Professions Code § 17200 *et seq.*;

10. Upon the Seventh Cause of Action, for civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (4) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the Labor Code violations identified in Paragraph 49 (a)-(g);

11. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12. On causes of action one, two, three, four, six, and seven, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194 *et seq.*, and 2698 *et seq.*, and Code of Civil Procedure § 1021.5; and

///

///

13. For such other and further relief the Court may deem just and proper.

Dated: May 19, 2022

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Fletcher W. Schmidt
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: May 19, 2022

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Fletcher W. Schmidt
Attorney for Plaintiff